IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 50.161.74.133, <br><br> Defendant. | No. C 15-05387 WHA <br><br> **ORDER DENYING DEFENDANT'S MOTION TO QUASH THIRD-PARTY SUBPOENA** |

## INTRODUCTION

In this copyright infringement action involving online piracy of pornographic films, an order granted plaintiff's request for leave to file a third-party subpoena in order to obtain defendant's identifying information. Defendant moves to quash the subpoena. For the reasons stated below, defendant's motion is **DENIED**.

## STATEMENT

Since September 2015, plaintiff Malibu Media, LLC has filed 178 copyright infringement actions in this district. The complaints in all such actions are virtually identical. In this action, Malibu Media accuses defendant, an Internet subscriber assigned IP address 50.161.74.133 by her Internet service provider, Comcast Communications, Inc., of copying and distributing twenty-five of Malibu Media's copyrighted pornographic films between January 2015 and October 2015. As with each of Malibu Media's actions, it accuses defendant of using

a digital file-sharing platform known as BitTorrent to download, copy, and distribute these works.

When it commenced this action in November 2015, Malibu Media could only identify defendant by her Internet Protocol address, which is a numerical identifier assigned to each Internet service subscriber by Comcast. In January 2016, Malibu Media sought leave to serve a third-party subpoena on Comcast for defendant's name and address for the purpose of effectuating service, which leave was granted, subject to a protective order, which required Malibu Media to file any and all documents including defendant's identifying information under seal, with all such information redacted on the public docket.

Malibu Media served the subpoena, seeking the identity of the subscriber assigned to the above-named IP address on October 17, 2015, the last date of alleged infringement. Defendant, who is proceeding *pro se*, now moves to quash the subpoena. This order follows an opening brief and opposition, and a hearing at which defendant did not appear.[*]

**ANALYSIS**

Rule 45(d)(3) provides the conditions for quashing a subpoena:

> (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
>     (i)    fails to allow a reasonable time to comply;
>     (ii)   requires a person to comply beyond the geographical limits specified in Rule 45(c);
>     (iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>     (iv)  subjects a person to undue burden.
>
> (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>
>     (i)    disclosing a trade secret or other confidential research, development, or commercial information; or
>     (ii)   disclosing an unretained expert's opinion or information that does not describe specific

---

[*] The Clerk served defendant with Malibu Media's opposition brief, and plaintiff was allowed two weeks to file a reply. No reply was filed after more than a month. The Clerk also served defendant with a notice, more than a month in advance, of the scheduling of the hearing on this motion.

2

> occurrences in dispute and results from the expert's study that was not requested by a party.

Defendant argues that the Malibu Media's subpoena should be quashed because Comcast's response is not likely to lead to the identity of the proper defendant, and she offers two bases for that contention. *First*, she contends that Comcast utilized dynamic IP addresses, which changed regularly. *Second*, she contends that the above-named IP address was associated with the public wifi hotspot broadcast by her Internet router, which could have been accessed by any Comcast customer. Although neither of defendant's arguments fit any of the categories identified in Rule 45(d)(3), this order construes them as arguments that no good cause existed to grant leave to serve the third-party subpoena in the first place. Each argument is addressed in turn.

### 1. DYNAMIC IP ADDRESS.

Defendant argues that Comcast assigned residential customers (including herself) dynamic IP addresses, which changed regularly, and that she was assigned the above-named IP address in October, at the end of the period of infringement. She avers that she spoke with a representative at Comcast, who stated that residential customers' IP addresses change every week, by law (Doe Decl. ¶ 1). She also submits various printed exhibits demonstrating the IP addresses associated with different aspects of her Internet connection as of March 2016, none of which match the above-identified address (*id.*, Exhs. A–E).

Defendant identified no law that requires Comcast to change IP addresses weekly. There is no such law. Defendant's statement regarding Comcast's policy of changing IP addresses weekly is inadmissible hearsay. This order finds defendant's unverified representation of Comcast's practices and policies regarding IP addresses does not warrant vacating the order granting Malibu Media's leave to file a third-party subpoena nor is it an adequate basis for quashing the subpoena. At this stage, Malibu Media's complaint plausibly alleges that the subscriber assigned the above-identified IP address copied and distributed Malibu Media's copyrighted works on October 17 and on numerous occasions dating back to January. If defendant is correct that she was not assigned the IP address in question during the

3

1  period of infringement, that can easily be resolved with a simple motion for summary judgment
2  based on Comcast's records.

3       **2.**     **PUBLIC WIFI HOTSPOT.**

4       Defendant also argues that the router provided to her by Comcast broadcasted two
5  separate wifi networks, one private network and one public hotspot accessible to anyone with a
6  Comcast account. She submits documentation showing that the network, which she avers is the
7  public hotspot, is generally assigned an IP address in the format of 50.*.*.*, which would
8  include the IP address identified in the instant complaint, and that the private hotspot is
9  generally assigned an IP address in the format of 73.*.*.*, which would not.

10       Again, defendant's argument is not proper at this stage, but may succeed on a motion for
11  summary judgment. Notably, simply because she is the identified as the subscriber assigned the
12  IP address in question is weak evidence that she, and not some third party, performed the
13  infringing acts. This is especially so if defendant is correct that the IP address in question was a
14  public hotspot. Nevertheless, in light of the allegation that someone connected to the Internet
15  through this IP address distributed (via BitTorrent) at least one "piece" of each of twenty-five of
16  Malibu Media's copyrighted works on various occasions spread across a ten-month period, it is
17  plausible, even if barely so, that the subscriber assigned that IP address is the proper defendant
18  in this case.

19       Even if the subscriber assigned to the IP address above is not the proper defendant,
20  discovery of her identity may nevertheless be the only means for Malibu Media to identify the
21  proper defendant. Defendant's proffer of circumstantial evidence in support of an otherwise
22  bare denial of liability is not a basis to vacate the order granting leave to serve the subpoena or
23  to quash the subpoena, although it may be a proper basis for summary judgment.

24
25
26
27
28

4

**CONCLUSION**

For the reasons stated above, defendant's motion is **DENIED**. Once defendant has appeared in the action, the Court will consider permitting defendant to file an early summary judgment motion addressing the issues raised in her motion to quash. That motion will be without prejudice to a later summary judgment motion on the merits of the case.

The Clerk shall please **SERVE** this order and the scheduling order (Dkt. No. 25) on defendant at the address provided in the unredacted version of her motion to quash (Dkt. No. 16).

**IT IS SO ORDERED.**

Dated:   May 20, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE